**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LAWRENCE DENARD, | No. 21-15610 |
| Petitioner-Appellant, | D.C. No. 3:19-cv-05474-WHA |
| v. | |
| J. ROBERTSON, | MEMORANDUM* |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Northern District of California
William Alsup, District Judge, Presiding

Argued and Submitted July 19, 2023
San Francisco, California

Before: SILER,** WARDLAW, and M. SMITH, Circuit Judges.

Lawrence Denard appeals the district court's dismissal of his pro se petition

for a writ of habeas corpus challenging his state conviction for first-degree murder,

attempted murder, shooting from a motor vehicle, and possession of a firearm by a

felon. The only issue on appeal is whether the prosecution violated *Brady v.*

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Eugene E. Siler, United States Circuit Judge for the
U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

*Maryland*, 373 U.S. 83 (1963), by failing to disclose information about racist text messages sent by its gang expert Lieutenant Tony Jones.

Because the parties are familiar with the facts of this case, we do not recount them here. We review a district court's denial of a petition for a writ of habeas corpus de novo, and its findings of fact for clear error. *Stanley v. Schriro*, 598 F.3d 612, 617 (9th Cir. 2010). Exercising jurisdiction under 28 U.S.C. § 2253, we affirm.

The district court did not err in holding that the California Court of Appeal reasonably rejected Denard's *Brady* claim. Federal review of habeas claims made under 28 U.S.C. § 2254(d) is generally limited to the state court record. *See Shoop v. Twyford*, 142 S. Ct. 2037, 2043–44 (2022). In the evidence Denard presented to the state court, the only time stamp on the text messages was July 11, 2014, suggesting that Lt. Jones sent the messages after the jury rendered its verdict in Denard's trial. Letters and declarations from the Alameda County District Attorney's Office the parties submitted during the proceedings state that the District Attorney did not possess, or have any independent knowledge of, any discoverable information related to the text messages. In addition, Sergeant Michael Gantt did not complain about the racist text messages until August 2014, two weeks after Denard's sentencing, indicating that the prosecution was not aware of the text messages until at least that time. Because "[t]he government has no

obligation to produce information which it does not possess or of which it is unaware," *Sanchez v. United States*, 50 F.3d 1448, 1453 (9th Cir. 1995), it was not "unreasonable" for the California Court of Appeal to conclude the prosecution did not suppress evidence related to the text messages, *Harrington v. Richter*, 562 U.S. 86, 97–98 (2011).

Denard argues that the California Supreme Court and the district court erred in ignoring that Lt. Jones sent the first racist text message on May 25, 2014, before the conclusion of Denard's trial, because the date of the text message was publicly available at the time the courts reviewed his petition. But neither court can be faulted for failing to consider evidence that was not presented to it. *See Pizzuto v. Yordy*, 947 F.3d 510, 531 (9th Cir. 2019) ("[W]e cannot say that [a court] *ignored* this evidence . . . when it was [the petitioner] himself that failed to bring the evidence to the court's attention.").[1]

Denard also contends that Supreme Court precedent does not preclude *Brady* from applying after trial but before sentencing. However, we have held that "the

---

[1] Denard requests that we take judicial notice of documents from other litigation that recognized the May 25, 2014, time stamp. However, we "may not take judicial notice of proceedings or records in another cause [of action] so as to supply, without formal introduction of evidence, facts essential to support a contention in [the] cause [] before [us]." *M/V Am. Queen v. San Diego Marine Const. Corp.*, 708 F.2d 1483, 1491 (9th Cir. 1983). For this reason, and because federal review of habeas relief under § 2254(d) is limited to the state record, *Shoop*, 142 S. Ct. at 2043–44, Denard's motion for judicial notice, Dkt. 11, is **DENIED.**

prosecution does not have an obligation under *Brady* to disclose exculpatory evidence it discovers after trial." *Martinez v. Ryan*, 926 F.3d 1215, 1228 (9th Cir. 2019) (collecting cases); *see also District Attorney's Office for Third Judicial Dist. v. Osborne*, 557 U.S. 52, 69 (2009) (explaining that "*Brady* is the wrong framework" for postconviction relief). Moreover, even if such an obligation existed, Denard provides no evidence that the prosecution was aware of the racist text messages at the time they were sent.

Denard requests remand to the district court for further discovery and an evidentiary hearing on whether the District Attorney was aware of the racist text messages at the time of trial. However, as a threshold matter, "a federal habeas petitioner seeking discovery or an evidentiary hearing must first overcome the relitigation bar of § 2254(d)(1) and (d)(2) based solely on the record that was before the state post-conviction court." *Jurado v. Davis*, 12 F.4th 1084, 1101–02 (9th Cir. 2021). For the reasons stated, Denard failed to demonstrate that the California Court of Appeal acted unreasonably in violation of § 2254(d). And, unlike in *Gonzalez v. Wong*, 667 F.3d 965 (9th Cir. 2011), Denard offers no indication that the prosecution possessed any documents that should have been produced. *See id.* at 972. As a result, an evidentiary hearing is not warranted.

**AFFIRMED.**